IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PAMELA DENISE SMITH, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. 02-RRA-1375-S |
| ] | |
| CAPTAIN BEN KING, et al., ] | |
| ] | |
| Respondents. ] | |

**MEMORANDUM OPINION**

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. While she was serving probation for an earlier conviction, the petitioner, Pamela Denise Smith, was convicted on May 8, 2002, in the Birmingham Municipal Court, of two counts of third degree assault. She was sentenced to serve 360 days in jail and her probation was revoked. Her new sentence was suspended, but she was incarcerated on the probation violation, to serve the remainder of her earlier sentence. Smith did not appeal the convictions or the revocation of her probation.

On June 4, 2002, Smith filed a petition for a writ of habeas corpus in this court, apparently only challenging the revocation of her probation. In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is procedurally barred because Smith did not exhaust any of the remedies available to her in state court. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner has filed a traverse.

It is undisputed that Smith has never challenged her probation revocation in state court. When a habeas claim has never been presented to a state court and there no longer exists any remedial vehicle by which the state courts may consider the claim, the United States Supreme Court has held that it is procedurally defaulted. *Teague v. Lane*, 489 U.S. 288 (1989).

If a petitioner has procedurally defaulted on a constitutional claim, she is barred from litigating that claim in a federal habeas corpus proceeding unless she can show adequate "cause" for and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 71 (1977). The "cause and prejudice" test of *Engle v. Isaac* and *Wainwright v. Syke*s is in the conjunctive. Therefore, the petitioner must prove both cause and prejudice to excuse her procedural default.

The United States Supreme Court summarized the "cause and prejudice" standard:

> In *Wainwright v. Sykes*, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of *Francis v. Henderson*, [425 U.S. 536 (1976)], for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The *Sykes* Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard." 433 U.S. at 87, 53 L. Ed. 2d 594, 97 S. Ct. 2497. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause. In *Reed v. Ross*, 468 U.S. 1, 82 L. Ed. 2d 1, 104 S. Ct. 2901 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, *id.,* at 13-14, 82 L. Ed. 2d 1, 104 S. Ct. 2901, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." *Id.,* at 14, 82 L. Ed. 2d 1, 104 S. Ct. 2901. The Court later elaborated upon *Ross* and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." *Ibid.*

*Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988).

The petitioner must also demonstrate that she was prejudiced; she must show "not merely that the errors . . . created a   *possibility* of prejudice, but that they worked to [her] *actual* and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." (emphasis in original). *United States v. Frady*, 456 U.S. 152, 170 (1982). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

The petitioner has made no attempt to establish cause and prejudice to excuse her default. Nor has she alleged facts to support the "fundamental miscarriage of justice" exception. Therefore, Smith is procedurally barred from raising her claims in this court, and the petition is due to be dismissed.

An appropriate order will be entered.

DONE this 15th day of September, 2005.

_____